P. STERLING KERR, ESQ.
Nevada Bar No. 003978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: taylor@sterlingkerrlaw.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NFC RING, INC., a California Corporation, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| KERV WEARABLES LTD, a United Kingdom Limited Corporation, | |
| Defendants. | **JURY DEMAND** |

Plaintiff NFC RING, INC. (hereinafter "NFC" or "Plaintiff") alleges, based on actual knowledge with respect to Plaintiff and Plaintiff's acts, and based on information and belief with respect to all other matters, against Defendant KERV WEARABLES LTD (hereinafter "KERV" or "Defendant") as follows:

## NATURE OF THE CASE

1. This is a civil suit for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and specifically under 35 U.S.C. §§ 271 and 281.

2. This case also involves other related causes of action based on Kerv's infringing activities which include violations of the Lanham Act as contained in 41 US.C. § 1125(a)(1) and trade secret misappropriation under 18 U.S.C. § 1836.

## PARTIES

3. Plaintiff NFC RING, INC. is, and at all times relevant herein was, a California Corporation with a principal place of business located at 150 Evergreen Rd., Boulder Creek, California 95006.

4. Defendant KERV WEARABLES LTD is a Corporation organized under the laws of the United Kingdom with a principle place of business located at 316 Beulah Hill, London, SE19 3HF.

## JURISDICTION AND VENUE

5. This Court has federal question and diversity subject matter jurisdiction of this action. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a) because of the claim under 35 U.S.C. § 271 for patent infringement. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because NFC is a citizen of California and Kerv is a citizen or subject of a foreign state (United Kingdom), and because the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000).

6. This Court has personal jurisdiction in this action because Kerv conducts business, including attending trade shows, advertising, importing, selling and/or offering to sell products in connection with the allegations of this lawsuit, in the State of Nevada and in this judicial district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400, because the injuries from Kerv's actions are felt in this district, and because Kerv is subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

8. On December 28, 2012, Joseph Nicholi Prencipe (hereinafter "Prencipe") filed a patent application for the NFC Ring® (hereinafter the "NFC Ring").

9. The NFC Ring is a wearable ring device equipped with an internal transmitter enabling the wearer to make contactless payments.

10. Prencipe owns all right, title and interest in the Patent, including the right to sue thereon and the right to recover for infringement thereof.

11. The patent for the NFC Ring was issued on April 12, 2016 as U.S. Pat. No. 9,313,609 (hereinafter the "Patent") and will expire on April 12, 2030. A copy of the Patent is attached hereto as Exhibit A. The Patent gives the owner the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the Patent into the United States.

12. That NFC is the successor in interest to all of Prencipe's right title and interest to the Patent.

13. On July 20, 2013, NFC announced the world's first smart ring on Kickstarter. NFC began marketing and distributing the NFC Ring shortly thereafter.

14. NFC then released and demonstrated the NFC Ring on September 19, 2015 at Henry Holland's Show at the London Fashion Week.

15. On September 10, 2015, NFC became aware that Kerv was attempting to market a contactless payment ring similar to the NFC Ring and in clear contravention of NFC's patent rights.

16. Upon further investigation, NFC learned that Kerv was introduced to NFC's antenna factory in China.

17. Upon information and belief, NFC's antenna is the only antenna in the world designed for placement in a ring specifically made to meet Europay, MasterCard, and Visa certification standards.

18. Shortly after this introduction, Kerv began producing their own contactless payment ring.

19. On September 10, 2015, NFC contacted Kerv by email putting Kerv on notice that NFC had already created a contactless payment ring.

20. In addition to the September 10, 2015 email, between September 11, 2015 and September 24, 2015, NFC had further correspondence with Kerv regarding the competing payment rings.

21. Therefore, as of September 10, 2015, Kerv was on notice that the NFC Ring pre-dated their own payment ring product.

22. Despite being on notice of the NFC Ring, on September 24, 2015, Kerv launched its own payment ring via a Kickstarter campaign.

23. The title of the Kickstarter campaign was "Kerv – the world's first contactless payment ring."

24. Kerv also made the same claim on their website located at www.kerv.com, social media (Twitter and Facebook), and at conference events including: 1) the Wearable Technology Show 2016 in London on March 15-16, 2016; 2) the TCF Innovation Jam in London on April 13, 2016; 3) the Card & Payments Innovation Summit on May 16-17, 2016 in London; and 4) the PayExpo Europe Conference on June 7-8, 2016 in London.

25. Kerv is making, using, offering for sale, selling, and/or importing their contactless payment ring which appears to copy the NFC Ring, constituting infringement of at least claims 1, 6, and 13 of the Patent.

26. Kerv has announced its intention to exhibit and offer for sale the infringing "Kerv Ring" at the Money 20/20 convention to be held October 23 – 26, 2016 in Las Vegas, Nevada.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

27. Plaintiff incorporates by reference, and reaffirms each and every allegation previously asserted as if fully set forth herein.

28. Kerv has infringed and is infringing the Patent by making, using, selling, offering to sell, and/or importing the Kerv Ring in Las Vegas, Nevada.

29. Infringement by Kerv has been and continues to be willful.

30. NFC has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Kerv.

31. NFC has suffered, and will continue to suffer, permanent and irreparable injury, for which NFC has no adequate remedy at law.

32. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, 285, and 289.

33. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

## SECOND CLAIM FOR RELIEF

### (Violation of the Lanham Act)

34. Plaintiff incorporates by reference, and reaffirms each and every allegation previously asserted as if fully set forth herein.

35. The Lanham Act, as contained in 41 U.S.C. §1125(a)(1), states:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any comination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> A. Is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> B. In commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his

      or her or another person's goods, services, or commercial activities,

      Shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

36. Kerv made a false or misleading statement of fact when it claimed that the Kerv Ring was "the world's first contactless payment ring," despite being on notice that NFC had already been marketing the NFC Ring for approximately two years.

37. Kerv's made their claim to commercially advertise their product in the Kickstarter campaign, on their website, and at various tradeshows.

38. Kerv's claim that its product was the world's first contactless payment ring is materially deceptive.

39. NFC has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to Kerv's false and deceptive claim.

40. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

### THIRD CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets)

41. Plaintiff incorporates by reference, and reaffirms each and every allegation previously asserted as if fully set forth herein.

42. The Economic Espionage Act as contained in 18 U.S.C. 1836 states in relevant part:

    An owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce.

43. NFC utilized a factory in China for the production of certain key components in the production of the NFC ring, namely the antenna.

44. Upon information and belief, Kerv was introduced to NFC's factory and shortly thereafter began producing its own contactless payment ring.

45. Kerv misappropriated NFC's trade secrets when it began using these secrets in the production of its own contactless payment ring.

46. The trade secrets related to the production of the antenna customized to pass Europay, MasterCard, and Visa certification standards are an integral component of the NFC Ring which is marketed and sold within interstate and foreign commerce.

47. NFC has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to Kerv's misappropriating of NFC's trade secrets.

48. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney's fees and costs, prejudgment interest, and such other and further relief the court deems proper resulting from this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Kerv has infringed, and is infringing, the Patent in violation of 35 U.S.C. § 271;
2. That infringement by Kerv is willful;
3. That Kerv be preliminarily and permently enjoined against all acts of patent infringement, including but not limited to making, using, selling, offering to sell, and importing the Kerv Ring;
4. That Kerv be required to deliver to NFC for destruction, any and all articles in its possession and/or under its control that infringe the Patent, including but not limited to all Kerv Rings and associated packaging and advertisements;

5. That Kerv be ordered to pay NFC the damages that NFC has suffered due to patent infringement by Kerv, together with interest thereon;

6. That Kerv be ordered to account for and pay NFC the total profits Kerv has received from the sale of products infringing the Patent;

7. That this case be declared exception pursuant to 35 U.S.C. § 285, due to willful infringement by Kerv, and that NFC be awarded treble damages and its reasonable attorneys' fees and costs; and

8. For such other and further relief that this Court deems just and proper.

## JURY DEMAND

NFC hereby demands a trial by jury of all issues so triable.

Dated this ____ day of October, 2016.

LAW OFFICES OF P. STERLING KERR

_____
P. STERLING KERR, ESQ.
Nevada Bar No. 003978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: taylor@sterlingkerrlaw.com
Attorneys for Plaintiff