P. STERLING KERR, ESQ.
Nevada Bar No. 003978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: taylor@sterlingkerrlaw.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NFC RING, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KERV WEARABLES LTD, a United Kingdom Limited Corporation,<br><br>Defendants. | Case No.: 2:16-cv-02441-GMN-GWF<br><br>**DECLARATION OF JOSEPH NICHOLI PRENCIPE IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND PRELIMINARY INJUNCTION** |

I Joseph Nicholi Prencipe, declare as follows:

1. I represent NFCRing, Inc. (NFC), the Plaintiff in this action. I am an attorney and Chief Executive Officer of NFC. NFC is a start-up company and sells product through out the United States and other countries. The company generates significant revenue from sales having shipped over 100,000 units.

2. I make this declaration in support of NFC's Motion for Temporary restraining order, seizure order and preliminary injunction. The statements I make in this declaration are based on my personal knowledge, observations and experience unless otherwise noted. I am qualified and willing to testify to the matters stated below.

3. I investigated the corporate identity and presence of Kerv Wearables, Ltd. (Kerv), the defendant in this action, by searching for corporations of that name registered with the secretary of state of various states including, California, Nevada and Delaware. I have reviewed the internet presence of the defendant and found no United States address or reference for a United States subsidiary. I do not believe there is any corporate presence of the Defendant in the United States with the exception of them exhibiting at the Money 20/20 trade show held in Las Vegas, NV on October 23-26, 2016.

4. A demand letter was sent to Kerv by counsel for McLear Ltd. And NFCRing, Inc. on June 23, 2016 demanding that they stop infringing on the intellectual property rights of NFC. I reviewed the letter before it was sent and I have information and a belief that it was received by Kerv because it was not returned to UK counsel. NFC has spent significant money on legal fees for UK counsel and for obtaining the patent.

5. In addition to the demand to Kerv to stop infringing on the intellectual property rights of NFC, I was advised and informed by a co-principal of NFC that emails were exchanged with Kerv's president, Philip Campbell, indicating that Kerv was aware of the NFC Patent but that it would not agree to a licensing

arrangement. A series of emails with respect to the NFC Patent were transmitted and received between NFC and Kerv confirming Kerv's refusal to acknowledge the NFC Patent. Kerv refused to indicate or provide grounds for the refusal to acknowledge the NFC Patent. This occurred in or about Septemember 24, 2015. In addition, Kerv would acknowledged to Shelly Silverstein that Kerv was not the first contactless payment ring, however, Kerv refused to stop making the false claim.

6. NFC owns and has the rights to use the United States Patent no. 9,313,609 as of April 12, 2016. I am the applicant and inventor under the '609 Patent which was assigned to McLear Ltd., a UK company and NFCRing, Inc. Both entities have the right to exploit and protect the intellectual property set forth in United States Patent '609.

7. The United States Patent '609 owned by NFCRing, Inc. claims a utility patent for a ring which can interact with other rings and technology to open doors, unlock telephones and make electronic payments using just the ring. The ring contains a proprietary and patented antenna which allows for the process to occur. With respect to the payment ring, claims 1, 6, and 13 specifically refer to the ring containing electronics to allow communication for payments.

8. To my knowledge the validity of NFCRings, Inc.'s Patent '609 has never been challenged by any party. I am not aware of any evidence which would tend to anticipate or render legally obvious the '609 patent.

9. I have investigated the web presence of Kerv, the defendant in this action. The defendant is currently selling infringing product "world's first contactless payment ring" on its site. Customers can take orders. The website is www.kerv.com.

10. I discovered in my investigation that the defendant utilizes twitter.com to market and announce developments in its product.

11. In preparing the Motion for Temporary Restraining Order I reviewed the website claims, and photographs and provided those to my attorneys for use in the pleadings. The defendant's ring contains an antenna which allows communication between the ring and other devices in violation of the '609 Patent held by NFCRing, Inc.

12. NFCRing Inc., has been developing the payment ring for more than 5 years. It first started a Kickstarter campaign in 2013. It has shipped more than 100,000 units of the payment ring utilizing the '609 Patent technology. It recently provided 5,000 rings to VISA, Inc. for use in the 2016 Olympics in Brazil.

13. NFCRing Inc., and McLear Ltd. Its UK affiliate participated in the London Fashion Week with the Holland House show and promoted its payment ring technology. This occurred in September of 2015 and was widely publicized.

14. NFCRing, Inc. uses a Korean manufacturer, Amotech Co. Ltd. In Seoul, Korea, to manufacture the payment rings. In emails dated this month (October 2016) the manufacturer implied that it had given access to the antenna technology to competitors and that it (Amotech) would implicitly not protect the Patent of NFCRing, Inc.

15. I was advised by an employee of Amotech that the principal of Kerv, Philip Campbell, had visited the manufacturing plant in Seoul, Korea. Since it took NFCRing, Inc. over 3 years to develop the technology to get to the point of a marketable ring, Declarant believes it is unlikely that the Defendant, Kerv, could have developed the same technology in less than a year (it started its Kickstart campaign in 2015 to fund the development) without access to the trade secrets and Patent technology of NFCRing, Inc. Declarant believes that its trade secrets and Patents were provided to Kerv by Amotech.

16. The claims of Defendant, Kerv, that it has developed the "World's first contactless payment ring" are patently false. NFCRing, Inc., has had the technology since 2013. The payment technology was utilized to make Bitcoin payments as early as October 2013. The demonstration is available to review as a video on www.youtube.com. The Defendant, Kerv, was not even incorporated until March of 2016. I reviewed the UK Company registry for Kerv Wearables, Ltd. Incorporated March 31, 2016.

17. I just recently have been made aware by Money 20/20 representatives that the Defendant, Kerv, will be an exhibitor in the Money 20/20 show at the Venetian Hotel and Convention Center on October 23,-26, 2016. Exhibitors advertise with product, banners, and product literature. I believe that if they are allowed to exhibit and sell the infringing payment ring product that NFCRing, Inc. will suffer irreparable injury. Business reputation will be lost and failure to protect the patent will embolden other companies to infringe.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20 day of October, 2016

_____
Joseph Nicholi Prencipe