Andrew D. Skale (SBN 211096)
askale@mintz.com
Ben L. Wagner (SBN 243594)
bwagner@mintz.com
Heather Silver (SBN 285509)
hjsilver@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Attorneys for
ESOS RINGS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

JOSEPH PRENCIPE, an individual and McLEAR & CO., a Delaware corporation, dba NFC Ring,

Plaintiffs,

v.

KERV WEARABLES LTD, a United Kingdom Limited Corporation,

Defendants.

Case No. 3:16-CV-07159-JSC

**NON-PARTY ESOS RINGS, INC.'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(A)(2) AND 24(B)(2)**

Date: April 27, 2017
Time: 9:00 a.m.
Dept.: Courtroom F – 15th Floor
Hon. Jacqueline Scott Corley

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 27, 2017 at 9:00 a.m. or as soon thereafter as counsel may be heard in the above-captioned court, in Courtroom F – 15th Floor, located at 450 Golden Gate Avenue, San Francisco, California, Non-Party Esos Rings, Inc. ("Esos") will and hereby does move pursuant to Fed. R. Civ. P. 24(a)(2) to intervene as a plaintiff in the above-captioned action as of right. Alternatively, in the event that Esos is not allowed to intervene as of right, Esos will and hereby does move to intervene permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B). In accordance with Fed. R. Civ. P. 24(c), this Motion is accompanied by Esos' Proposed Complaint in Intervention.

Pursuant to Fed. R. Civ. P. 24(a)(2), Esos seeks to intervene as of right because it "claims an interest relating to the property or transaction that is the subject of the action" and the "disposition of the action may as a practical matter impair or impede [Esos'] ability to protect its interests." In addition, the current plaintiffs do not adequately represent Esos' interest because they are locked in ongoing litigation with Esos, their attorneys informed counsel for Esos that they had ceased work on the matter because their bills were not paid, and just days ago, plaintiffs consented to a request for stay that permits Kerv to continue infringing the '609 Patent without interim injunctive relief. *Id.* Alternatively, Esos seeks to intervene permissively because it "has a claim … that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Esos' intervention will not unduly delay or prejudice the adjudication of any parties' rights in this matter as the litigation is still in its early stages. To the contrary, Esos' participation in the litigation will speed its resolution and eliminate any purported need for a stay.

This motion is based on the grounds that Esos is the owner of U.S. Patent No. 9,313,609 (the "'609 Patent") that is the subject of Plaintiffs Joseph Prencipe and McLear & Co.'s claims for Patent Infringement, Violation of the Lanham Act, and Misappropriation of Trade Secrets in the instant litigation. Esos was assigned the '609 Patent, and the assignment included, *inter alia*, the unfettered right to "bring, make … [and] obtain relief," for any claims for infringement or otherwise involving the '609 Patent, "whether occurring before, on or after the date of [the] assignment."

This motion is based on this notice and motion; the attached memorandum of points and authorities; the declarations of Michelle Silverstein and Ben L. Wagner and exhibits thereto; the proposed order; all pleadings, papers, and records in this action; and upon such oral and documentary evidence or argument as may be presented at any hearing of this motion.

Respectfully submitted,

Dated: March 13, 2017

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By: *s/Andrew D. Skale*
Andrew D. Skale, Esq.
Ben L. Wagner, Esq.
Heather Silver, Esq.

*Attorneys for*
*ESOS RINGS, INC.*

## I. INTRODUCTION

Non-Party Esos Rings, Inc. ("Esos") respectfully seeks leave to intervene as a plaintiff in the above-captioned matter. Esos owns the U.S. Patent No. 9,313,609 (the "'609 Patent") that is the subject of Plaintiffs Joseph Prencipe and McLear & Co.'s claims for Patent Infringement, Violation of the Lanham Act, and Misappropriation of Trade Secrets in the instant litigation (the "Patent Claims"). Each of the Patent Claims is premised on defendant Kerv Wearable Ltd.'s ("Kerv") wrongful conduct in connection with Kerv's promotion and production of an allegedly infringing product. But Esos' assignment here includes, *inter alia*, the unfettered right to "bring, make … [and] obtain relief (and to retain any damages recovered) in respect of any infringement, or any other cause of action arising from the ownership, whether occurring *before, on or after* the date of [the] assignment."[1/] Esos' rights, therefore, unquestionably extend to intervening in the Patent Claims here.

Plaintiff Joseph Prencipe – the former owner of the '609 Patent – and his co-plaintiff are apparently willing to consent to an indefinite stay of this infringement action, pending resolution of a dispute between plaintiffs and Esos regarding the ownership of the '609 Patent. Plaintiffs, however, have failed to take even the most basic steps to protect the '609 Patent before purporting to agree to the stay. Despite plaintiffs fully briefing a motion for preliminary injunction *months* ago, plaintiffs have not even noticed it for hearing. Moreover, now that Esos is willing to participate in the instant litigation, there is no remaining basis to stay the case as the only parties claiming ownership of the '609 Patent will be parties to the instant litigation.

Plaintiffs' agreement to stay the litigation without insisting on interim injunctive relief essentially grants a free infringement pass to Kerv; Esos is not so generous. Infringers of the '609 Patent do not get a free pass to infringe, and Esos therefore timely intervenes to diligently curtail Kerv's unlawful infringement.

[1/] All emphases added unless otherwise stated.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether Proposed Plaintiff-Intervenor Esos meet the requirements of Federal Rule of Civil Procedure 24 to intervene in this lawsuit.

## III. STATEMENT OF RELEVANT FACTS

This action was filed on October 19, 2016, alleging claims for Patent Infringement, Violation of the Lanham Act, and Misappropriation of Trade Secrets based on products being promoted and produced by Kerv. The allegations in this matter assert that Kerv is infringing on the '609 Patent titled "Contact Information Social Exchange Method and System," which covers, without limitation, a near-field communication ring that, when worn on the customer's finger, can replace his or her credit card and house key. *See* Ex. 1.[2/]

On January 27, 2017, Esos was assigned the '609 Patent, and its assignment includes the right to sue for past infringement. Declaration of Michelle Silverstein ("Silverstein Decl.") ¶¶ 2-6; Exs. 2-4.

## IV. ARGUMENT

### A. Esos May Intervene as of Right To Protect Its Property Interests in the '609 Patent

As the owner of the '609 Patent, Esos has a right to intervene in the instant litigation. "An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the [motion] must be timely; (2) the applicant must have a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protects its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).[3/] While Esos "has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* Esos meets all of these requirements and intervention is justified.

[2/]All exhibit references are to the exhibits attached to the concurrently filed declaration of Michelle Silverstein unless otherwise noted.

**1. The Motion Is Timely**

Esos' motion is timely. "Three factors should be evaluated to determine whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't. of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1119 (9th Cir. 2002). The prejudice inquiry for intervention as of right focuses on whether prejudice results from "the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995).

Plaintiffs filed their Complaint less than four months ago, (Dkt. No. 1), and Kerv has yet to answer. *See* Dkt. No. 38 (granting Kerv extension to answer or respond to Complaint to March 27, 2017). Further, the Case Management Conference has not yet occurred, and thus initial disclosures have yet to even be exchanged. *See* Fed. R. Civ. P. 26(a)(C) (initial disclosures due 14 days after CMC); Dkt. 42 (setting CMC for March 30, 2017). The existing parties seek to stay the instant litigation pending an ownership dispute between plaintiffs and Esos in another case. Dkt. No. 43.

Intervention at such an early stage will not impose a burden on either party, nor would it delay or disrupt the proceedings, which have barely commenced. If anything, Esos' intervention will *accelerate* the proceedings because Esos, the owner of the patent, will now be a party to this lawsuit, and thus there is no longer any reason to stay the case. "These are traditional features of a timely motion." *Citizens*, 647 F.3d at 897 (motion to intervene timely when filed "less than three months after the complaint was filed and less than two weeks *after* [defendant] filed its answer"); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-03724 JW, 2010 U.S. Dist. LEXIS 145889, at *22-23 (N.D. Cal. Dec. 21, 2010) (motion to intervene timely where filed "only *five months* after Plaintiff served its infringement contentions," "discovery [was] in its initial stages," and "no discovery deadline ha[d] yet been set by the Court"); *see Honeywell Int'l Inc. v. Audiovox Commc'ns. Corp.*, Nos. 04-1337, 14-1338, 04-1536, 2005 U.S. Dist. LEXIS 22933, at *12 (D. Del.

---

[3/] All internal quotations and citations omitted unless otherwise noted.

May 18, 2005) (motion to intervene timely where "discovery ha[d] not even begun in the case and case management issues [were] only [then] being addressed"); *cf. Commercial Realty Projects*, *supra*, 309 F.3d at 1119 (motion to intervene untimely after court "presided over the complex litigation for more than *six years*").

**2. Esos Has a Significant Protectable Interest in the '609 Patent**

Esos has a substantial interest in the infringement of the '609 Patent. "The 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *LG Elecs., Inc. v. Q-Lity Computer, Inc. v. Asustek Computer Inc.*, 211 F.R.D. 360, 364 (N.D. Cal. 2002). On January 27, 2017, Esos was assigned the '609 Patent, and its chain of title includes the right to pursue claims "and obtain relief," including "any damages recovered" for infringement and other claims relating to the '609 Patent "whether occurring before, on or after the date of [the] assignment." Ex. 2 at 1; Ex. 3 at 1; *see also* Ex. 4 at 1. Thus, not only does Esos have a contractual right to join the litigation, but as the '609 Patent's owner and the proper recipient of any damages, its interest could not be anything but significant. *See, e.g.*, *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 145-46 (S.D. Cal. 1954) (motion to intervene as plaintiff proper where party "claims ownership of the patent in suit"); *LG Elecs.*, 211 F.R.D. at 364 (economic interest in outcome of litigation sufficient).

Moreover, Kerv's Opposition to Plaintiffs' Motion for Preliminary Injunction raised what it called "substantial questions concerning [the] validity" of the '609 Patent. Dkt. No. 20 at 9-11 (arguing "the '609 Patent is vulnerable to invalidity based on Plaintiffs' attempt to capture prior art designs, along with new prior art references"). "[E]very patent owner has an interest in keeping the reputation of his patent from the stain of a judgment of invalidity -- an interest which it is proper for a court to recognize." *Hartley*, 16 F.R.D. at 145-46 (motion to intervene proper where defendants "pleaded … that the patent is invalid").

**3. Esos' Ability to Protect Its Interests May, as a Practical Matter, Be Impaired or Impeded by Disposition of this Action**

Esos' interests may be impaired or impeded by disposition of the instant litigation in at least

three ways. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Citizens*, 647 F.3d at 989.

First, Kerv's Opposition to plaintiffs' request for a Preliminary Injunction reveals Kerv's intent to argue that its ring does not infringe the '609 Patent. Dkt. No. 20 at 7-9. If Kerv is successful in this defense and is permitted to continue promotion of its infringing ring, the value of Esos' patent will be significantly diminished.

Second, a finding of infringement will require claim construction. If the claim is construed narrowly to avoid infringement (as Kerv has proposed), this will both embolden other would-be infringers and, as a practical matter, make it more difficult to pursue others who would be found to be infringing a broader construction.

Finally, Esos is a successor in interest to the '609 Patent originally issued to Joseph Prencipe; to the extent Kerv argues – as it did in opposing Plaintiffs' Motion for a Preliminary Injunction – that the '609 Patent is invalid, (*id.* at 9-11), Esos "may be bound -- if not legally then practically -- by the judgment in the action, at least insofar as that judgment should adjudicate the validity of the patent." *Hartley*, 16 F.R.D. at 145-46; *see, e.g.*, *Innis, Speiden & Co. v. Food Machinery Corp.*, 2 F.R.D. 261, 265 (noting that privity may create a greater practical impairment of interests).

**4. The Existing Parties' May Not Adequately Represent Esos' Interests**

Esos' interests will not be adequately represented in this litigation by plaintiffs. "In evaluating the adequacy of representation, [courts] examine three factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Citizens*, 647 F.3d at 898. "The burden of showing inadequacy of representation is minimal and satisfied if the applicant can demonstrate that representation of its interests '*may be*' inadequate." *Id.* (emphasis added). "If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises. To rebut the

presumption, an applicant must make a compelling showing of inadequacy of representation." *Id.* "[T]he presumption may be overcome by evidence of collusion, adversity of interest, nonfeasance, incompetence, or lack of financial resources." *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-cv-01257-JST, 2015 U.S. Dist. LEXIS 114227, at *10-11 (N.D. Cal. Aug. 27, 2015). Many of these circumstances exist here.

As an initial matter, there is ongoing litigation in the Superior Court of San Diego between Esos and the instant plaintiffs regarding the '609 Patent that asserts multiple claims against both of the existing plaintiffs and additionally sues Prencipe individually for fraud and breach of fiduciary duty. Declaration of Ben L. Wagner ("Wagner Decl.") ¶ 2. As Esos' adversary in ongoing litigation, plaintiffs are hardly in a position to represent Esos. It is "contrary to the interests of justice and fairness that parties involved in ongoing hotly disputed litigation … be expected suddenly to represent the interests of their adversary in a related case." *Minn. Lawyers Mut. Inc. Co. v. Verdisco*, No. 10-cv-01008-REB-MEH, 2010 U.S. Dist. LEXIS 92943, at *11-12 (D. Colo. Aug. 13, 2010); *see also Citizens*, 647 F.3d at 900-01 (where existing party had taken a "prior litigation position adverse to" the proposed intervenor, the Court could not "conclude that [the existing party] will undoubtedly make all of the [proposed intervenor's] arguments, nor can [it] be assured that [the existing party] is capable and willing to make such arguments").

Moreover, the current plaintiffs lack the willingness, ability, or intention to diligently pursue Kerv's infringement. Approximately two months ago, counsel for plaintiffs informed counsel for Esos that work on this matter had ceased because plaintiffs had not paid their legal bills. Wagner Decl. ¶ 3. And just last week, plaintiffs abandoned all efforts at diligence, stipulating to an indefinite stay of this infringement lawsuit without ever setting a date for a hearing on their motion for preliminary injunction – a motion that has been fully briefed for months. It is enough that plaintiffs "likely … will not put forth 'vigorous' efforts to defend this [] action." *Minn. Lawyers*, 2010 U.S. Dist. LEXIS 92943, at *12 (intervention as a matter of right proper where proposed intervenor claimed existing party was financially unable to defend the action to its conclusion). Here, the plaintiffs have proven as much by their abandonment of this lawsuit without seeking to

enjoin Kerv's infringing conduct.

**B. Alternatively, Esos Should Be Permitted To Intervene**

Should the Court conclude that Esos is not entitled to intervene as a matter of right, Esos should nonetheless be permitted to intervene. "All that is necessary for permissive intervention is that the intervenor's claim or defense and the main action have a question of law or fact in common. Rule 24(b) plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002) (overruled on other grounds as stated in *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)). As owners of the '609 Patent, Esos' claim for patent infringement against Kerv involve several common questions of law and fact with the existing patent infringement suit against Kerv; at minimum, whether Kerv's rings infringe the '609 Patent, whether the '609 Patent is valid, and the correct construction of the claims in the '609 Patent are issues common to both Esos' and the current plaintiffs' infringement claims.

In exercising its discretion to permit intervention under Federal Rule of Civil Procedure 24(b), "the court must [also] consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." As noted above, there is no such undue delay or prejudice at issue here. Esos wishes to be heard with respect to the validity of the '609 Patent and whether Kerv's rings infringe it; these issues will be litigated regardless of Esos' intervention. Thus, because "these issues have already been raised by the other parties" to the litigation, Esos' "intervention would not delay or prejudice the adjudication of the rights of the original parties." *LG Elecs.*, 211 F.R.D. at 366. Further, the case is at its early stages and Esos is willing to abide by the Court's scheduling orders.[4/] In such circumstances, intervention should be permitted. *See*, *e.g.*, *Kootenai*, 313 F.3d at 1111 n.10 (because the intervention motions were filed near the case outset and the [proposed intervenors] said they could abide the court's briefing and procedural scheduling orders, there was no issue whatsoever of undue delay").

[4/] For example, Esos intends to oppose the pending Motion To Stay by the deadline of March 22, 2013.

## V. CONCLUSION

For the foregoing reasons, this motion to intervene as of right, or in the alternative to intervene permissively, should be allowed, and the accompanying Proposed Complaint should be accepted for filing.

Respectfully submitted,

Dated: March 13, 2017

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By: *s/Andrew D. Skale*

Andrew D. Skale, Esq.
Ben L. Wagner, Esq.
Heather Silver, Esq.

*Attorneys for*
*ESOS RINGS, INC.*

**CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and am not a party to the above-entitled action.

On March 13, 2017, I filed a copy of the foregoing document by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Preston S Kerr sterling@sterlingkerrlaw.com
- R David Donoghue david.donoghue@hklaw.com, peter.uhlenhake@hklaw.com, steven.jedlinski@hklaw.com
- Robert David Donoghue david.donoghue@hklaw.com
- Steven Eric Jedlinski steven.jedlinski@hklaw.com
- Taylor Simpson taylor@sterlingkerrlaw.com

Executed on March 13, 2017, at San Diego, California. I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

*s/Andrew D. Skale*
Andrew D. Skale

67822916v.1