HOLLAND & KNIGHT LLP
R. David Donoghue (California Bar No. 205730)
131 South Dearborn Street, 30th Floor
Chicago, Illinois 60603
Telephone: (312) 263-3600
Facsimile:  (312) 578-6666
david.donoghue@hklaw.com

Attorneys for Defendant
KERV WEARABLES LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH PRENCIPE, an individual and McLEAR & CO., a Delaware corporation, dba NFC RING<br><br>Plaintiffs,<br><br>v.<br><br>KERV WEARABLES LTD, a United Kingdom Limited Corporation<br><br>Defendant. | CASE NO.  3:16-cv-07159-JSC<br><br>**DEFENDANT KERV WEARABLES LTD.'S REPLY IN SUPPORT OF THE MOTION TO STAY**<br><br>**Judge:** Magistrate Judge. J. S. Corley<br>**Complaint Filed:** October 19, 2016 |

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................................1

II.   ARGUMENT .......................................................................................................................2

    A.   THE STAY WOULD NOT DAMAGE PLAINTIFFS OR ESOS......................................................3

    B.   KERV WOULD SUFFER INEQUITY IF THE CASE IS NOT STAYED .......................................3

    C.   THE ORDERLY COURSE OF JUSTICE WOULD BE PRESERVED WITH A STAY....................5

III.  CONCLUSION....................................................................................................................5

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Automated Merchandising Systems, Inc. v. Crane Co.*,
    357 Fed.Appx. 297 (Fed. Cir. 2009) ................................................................................... 3

*Canon, Inc. v. GCC Int'l Ltd.*,
    263 Fed. Appx 57 (Fed. Cir. 2008) ..................................................................................... 3

*FormFactor, Inc. v. Micronics Japan Co., Ltd.*,
    CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) .................................. 2, 3

*Gen-Probe Inc. v. Amoco Corp.*,
    926 F. Supp. 948 (S.D. Cal. 1996) ...................................................................................... 4

*Moss v. Moss Tubes, Inc.*,
    1997 WL 727611 (N.D.N.Y. Aug. 21, 1997) ..................................................................... 4

*PersonalWeb Tech., LLC v. Apple Inc.*,
    69 F.Supp.3d 1022 (N.D. Cal. 2014) ............................................................................. 4, 5

*Profile Mfg., Inc. v. Kress*,
    22 F.3d 1106 (Fed. Cir. 1994) ............................................................................................ 4

*Santrade, Ltd. v. General Elec. Co.*,
    1990 WL 312778 (E.D.N.C. Dec. 9, 1990) ........................................................................ 4

*Trend Micro Inc. v. RPost Holdings, Inc.*,
    No. 13-cv-05227-VC (N.D. Cal. July 22, 2014), Dkt. No. 79 ............................................ 5

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

## I. INTRODUCTION

Neither the Court nor the parties involved in this litigation know who rightfully owns the patent-in-suit. Moving forward without this essential fact to be determined in the State Court Action would cause an excessive waste of resources for this Court, Kerv, plaintiffs, and proposed third-party intervenor Esos.[1] Neither Kerv nor the plaintiffs wish to expend this unnecessary cost, which is why the parties filed the agreed motion to stay the litigation pending resolution of the ownership dispute.[2] After the filing of the agreed stay motion, Esos moved to intervene and now seeks to oppose the stay motion agreed to by the parties-in-suit.[3]

Adding Esos to the litigation without a concurrent stay of the case would require that Kerv, in effect, litigate two separate cases against two separate purported patent owners. This will also require that the Court rule on disputes from the separate litigations. This excessive and unnecessary cost would prejudice Kerv and be wasteful for all involved.

Esos has argued that the litigation could proceed as usual with both plaintiffs and Esos sitting at plaintiffs table, presumably working together. This is an unworkable fantasy. For one, Esos and plaintiffs are engaged in litigation regarding the ownership of the patent. It is difficult to believe Esos and plaintiffs will be able to work together in this litigation while engaged in contentious state court litigation against each other. Furthermore, it is already apparent that Kerv would be forced to litigate against both Esos and plaintiffs separately if this case is not stayed. Esos intends to seek a preliminary injunction against Kerv.[4] Kerv, however, has already responded to plaintiffs' motion seeking injunctive relief.[5] Esos intends on filing a separate complaint against Kerv.[6] Kerv would be forced to respond to both plaintiffs' and Esos' complaint. This duplicative litigation would continue until the ownership dispute is resolved and only intensify during discovery. For example, Kerv would be forced to respond to separate discovery from two different

---

[1] Joseph Prencipe and McLear & Co. are referred to herein as "plaintiffs."
[2] See Dkt. No. 43.
[3] See Dkt. No. 50.
[4] See Dkt. No. 47-1.
[5] See Dkt. No. 20.
[6] See Dkt. No. 47-1.

sets of plaintiffs, to address potentially different patent infringement allegations from two different sets of plaintiffs and to be deposed by multiple sets of plaintiffs.

Esos argues that "the owner" will be irreparably prejudiced by a stay.[7] But Esos offers nothing more than conclusory arguments related to an assumed prejudice, including damage to reputation.

As discussed in the agreed motion to stay and herein, this action warrants a stay because (1) the stay will not result in damage to plaintiffs or Esos; (2) Kerv would suffer substantial inequity if the case is not stayed; and (3) the orderly course of justice would be preserved with a stay.

## II.     ARGUMENT

Instead of discussing the three *FormFactor* factors, Esos' opposition to the stay reads like it is an opposition brief to a motion to dismiss on standing. *See FormFactor, Inc. v. Micronics Japan Co., Ltd.*, CV-06-07159 JSW, 2008 WL 361128, at *1 (N.D. Cal. Feb. 11, 2008) (citations omitted). Kerv, however, is not yet moving to dismiss Esos' complaint for lack of standing.[8] Whether plaintiffs or Esos may have well-pleaded allegations of ownership does not affect whether this litigation should be stayed. Regardless of the well-pleaded facts, it is certain that either plaintiffs or Esos lacks standing to sue Kerv over the '609 Patent. Accordingly, it is undeniable that there will be considerable waste if this case is not stayed. Kerv discussed standing as an example of why litigating this case with an open and ongoing patent ownership dispute would be wasteful, not as an independent basis for a stay.

When determining whether to stay a case, a district court weighs (1) "possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result

---

[7] See Dkt. No. 50-3, pg. 3.
[8] If this litigation is not stayed, Kerv does intend to move to dismiss Esos' proposed complaint to intervene (Dkt. No. 47-1) because Esos does not have standing and Esos' complaint fails to state a claim for which relief can be granted. Esos' allegations are bare. Esos' allegations contain no relevant facts, let alone facts that would permit this Court to infer that Kerv is practicing each step of the asserted claims.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

from a stay." *FormFactor,* 2008 WL 361128, at *1. Other than Esos' conclusory arguments related to the '609 patent owner being prejudiced, Esos mostly ignores the other two interests.

All three of the *FormFactor* interests weigh in favor of a stay. Esos did not and cannot point to prejudice because none exists and instead relies upon conclusory arguments. Notably, the plaintiffs acknowledge the lack of prejudice by agreeing to the motion to stay. It is undeniable that Kerv would be prejudiced if this litigation is not stayed by the excessive waste and cost created by duplicative litigation. And third, a stay would preserve the orderly course of justice by at least conserving valuable judicial resources.

### A. The Stay Would Not Damage Plaintiffs or Esos

Neither the plaintiffs nor Esos will be damaged by a stay. Plaintiffs acknowledged this by agreeing to stay the litigation. Esos argues that the patent owner – whichever party that may be – will be irreparably harmed by a stay because there is no "interim injunction[9] in place prohibiting Kerv from continuing its infringing conduct."[10] Conspicuously absent is any evidence or even a reference to Kerv's conduct. Instead, Esos relies upon conclusory allegations of losing business opportunities and damage to goodwill. This is pure speculation and does not amount to irreparable harm. *See Automated Merchandising Systems, Inc. v. Crane Co.*, 357 Fed.Appx. 297, 301 (Fed. Cir. 2009). Furthermore, Esos does not even attempt to explain why money damages could not cure the alleged harm. Without this, there can be no finding of irreparable harm. *See Canon, Inc. v. GCC Int'l Ltd.*, 263 Fed. Appx 57, 62 (Fed. Cir. 2008).

Because plaintiffs agree to the stay and Esos has not and cannot show any actual damage from a stay, this factor weighs in favor of staying the litigation.

### B. Kerv Would Suffer Inequity If The Case Is Not Stayed

The prejudice Kerv would face is obvious; it would be forced to litigate against both the current plaintiffs and against Esos, one of which necessarily lacks standing to sue Kerv. At the onset, Kerv would be forced to respond to two complaints; Kerv, having already responded to one motion

---

[9] While the Nevada court granted a temporary restraining order, it was granted without a chance for Kerv to respond, based upon demonstrably false allegations (Kerv never attended any tradeshow in Nevada, let alone the one it was accused of attending), and filed without providing an element by element set of infringement allegations.
[10] Dkt. No. 50-3, pg. 3.

for injunctive relief, would be forced to respond to another. This waste would only increase with discovery.

Presumably both the current plaintiffs and Esos will serve document requests, interrogatories, notice depositions, file discovery motions, and serve expert reports. In addition, the current plaintiffs and Esos will likely advance differing infringement contentions, claim constructions for terms of the patent-in-suit, and damages theories. Kerv must expend the time and resources to respond to each of these different requests and filings and effectively litigate two cases over the same patent. This duplication is not only wasteful but could be a crippling prejudice. Recognizing the near certainty of unnecessary discovery and the probability of wasting resources, courts routinely stay patent actions while ownership issues are resolved. *See Profile Mfg., Inc. v. Kress*, 22 F.3d 1106 (Fed. Cir. 1994) (upholding a granted motion to stay until previous litigation over ownership was resolved); *Moss v. Moss Tubes, Inc.*, 1997 WL 727611, *2-4 (N.D.N.Y. Aug. 21, 1997) (granting a motion to stay where pending litigation might result in plaintiff lacking standing in the instant action); *Gen-Probe Inc. v. Amoco Corp.*, 926 F. Supp. 948 (S.D. Cal. 1996) (staying action in favor of pending litigation over patent ownership); *Santrade, Ltd. v. General Elec. Co.*, 1990 WL 312778 (E.D.N.C. Dec. 9, 1990).

This case is in its infancy: the pleadings are open; the parties have not engaged in discovery; and the parties have not conducted the discovery conference. In addition, the Court has yet to set a scheduling conference, much less a trial date. The current status of the case supports granting a stay. *See PersonalWeb Tech., LLC v. Apple Inc.*, 69 F.Supp.3d 1022 (N.D. Cal. 2014) (noting that this factor weighs in favor of a stay where the parties have undertaken significant work but the Court has not yet set a trial date).

As discussed in Kerv's opening motion, Kerv is deprived of any possibility of settlement as an alternative to litigation because of the ownership dispute. Esos argues that this is not a concern because it can be a party to settlement discussions, presumably along with the current plaintiffs.[11] Such a suggestion is rife with difficulties. The plaintiffs and Esos are engaged in contentious litigation to determine the true owner of the '609 Patent, yet Esos wants the Court to believe that all parties could discuss settlement. This is unrealistic from all perspectives, most notably Kerv's

---

[11] See Dkt. No. 50-3, pg. 4.

- 4 -
REPLY IN SUPPORT OF AGREED MOTION TO STAY PENDING STATE COURT ACTION
CASE NO. 3:16-CV-07159-JSC

unwillingness to settle a patent infringement lawsuit with a party that does not even own the patent-in-suit.

The inequity to Kerv absent a stay of the litigation is undeniable. This factor weighs heavily in favor of a stay.

### C. The Orderly Course Of Justice Would Be Preserved With A Stay

Esos fails to even address this point, instead distinguishing case law because the cases cited have different fact patterns. For instance, Esos argues that *Trend Micro Inc. v. RPost Holdings, Inc.* does not support a stay here because Esos may be a party to the federal action.[12] Esos being a party to this action, however, makes it more imperative to stay the case. If Esos were not a party to this litigation, Kerv would only need to litigate against one party. The cost and waste is doubled now that Esos would be a party. This excessive cost and waste also affects the Court, which will be required to rule on duplicative motions and disputes, a set of which eventually become moot. *See PersonalWeb Tech.*, 69 F.Supp.3d at 1028-29.

A stay pending resolution of the ownership dispute in the State Court Action would simplify the issues in question and would preserve the orderly course of justice. Since ownership/standing is a threshold issue prerequisite to any patent infringement claim, any ruling on the merits of the alleged infringement claims would have to be held in abeyance until ownership of the patent-in-suit is decided in the State Court action or risk inconsistent judicial findings on the issue of patent ownership. Consequently, any efforts undertaken to evaluate the merits of Kerv's alleged infringement and the costs associated with them are wasteful for either plaintiffs or Esos. Moving forward at this point, without knowing what party owns the patent, would waste judicial resources and this weighs in favor of a stay.[13]

### III. CONCLUSION

All relevant factors weigh in favor of staying the instant litigation pending resolution of the dispute over patent ownership, and the plaintiffs agree with staying the instant litigation. For these

---

[12] Dkt. No. 50-3, pg. 6 (citing *Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-cv-05227-VC (N.D. Cal. July 22, 2014), Dkt. No. 79).
[13] Esos also argues that a stay would "create a new market to troll for such disputed patents . . ." (Dkt. No. 50-3, pg. 7). This is unrealistic, Esos cites no support for such a concern, and Kerv finds it unnecessary to respond to such an argument beyond this.

reasons, as discussed here and in Kerv's opening motion, Kerv respectfully requests that the Court grant its agreed motion and stay this action while the issue of patent ownership is resolved in the California state court.

Dated: March 29, 2017               HOLLAND & KNIGHT LLP

                                    By: /s/ R. David Donoghue
                                        R. David Donoghue

                                    HOLLAND & KNIGHT LLP
                                    R. David Donoghue
                                    (California Bar No. 205730)
                                    131 South Dearborn Street, 30th Floor
                                    Chicago, Illinois 60603
                                    Telephone: (312) 263-3600
                                    Facsimile:  (312) 578-6666
                                    david.donoghue@hklaw.com

                                    Attorney for Defendant
                                    KERV WEARABLES LTD

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2017, the foregoing was served via this Court's electronic filing system upon all counsel of record and also via email on the following:

Joseph Prencipe

Joseph.Prencipe@mclear.co

Sterling Kerr

sterling@sterlingkerrlaw.com

Andrew D. Skale

askale@mintz.com

Ben L. Wagner

bwagner@mintz.com

Heather J. Silver

hjsilver@mintz.com

/s/ R. David Donoghue
R. David Donoghue

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA  94111
Tel: 415.743.6900
Fax: 415.743.6910