**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOSEPH PRENCIPE, ET AL., <br> Plaintiffs, <br> v. <br> KERV WEARABLES LTD, <br> Defendant. | Case No. 16-cv-07159-BLF <br><br> **ORDER GRANTING MOTION TO STAY AND MOTION TO INTERVENE** <br><br> [Re: ECF 43, 47] |

Plaintiffs Joseph Prencipe and McLear & Co. d/b/a NFC Ring ("NFC Ring") bring this suit against Kerv Wearables LTD ("Kerv"), for infringement of Plaintiffs' patent, U.S. Patent No. 9,313,609 (the '609 patent) and violation of the Lanham Act, as well as the Defense of the Trade Secret Act, based on allegations relating to Kerv's contactless payment ring. First Am. Compl. ("FAC"), ECF 14. Before the Court are the parties' joint motion to stay litigation and a motion by non-party Esos Rings, Inc. ("Esos") to intervene in this action. Stay Mot., ECF 43; Mot. to Intervene, ECF 47. Pursuant to Civ. L.R. 7-1(b), the Court finds these motions suitable for submission without oral argument and hereby VACATES the hearing scheduled for October 5, 2017. For reasons set forth below, the Court GRANTS the stay motion and GRANTS the motion to intervene.

With respect to non-party Esos' motion to intervene, Esos moves on the basis that it (and not NFC Ring) is the rightful owner of the '609 patent, and that all the claims in the FAC are premised on the infringement of the '609 patent. ECF 47. Kerv does not oppose Esos' intervention but urges the Court to grant the stay motion. ECF 57. Accordingly, the Court GRANTS Esos' motion to intervene in this case.

Turning to Kerv's stay motion, Kerv moves to stay this case pending the resolution of

state court litigation that bears directly on NFC Ring's ownership of and authority to enforce the '609 patent. Stay Mot. 2. NFC Ring is currently embroiled in state court litigation with Esos, who claims to be the true owner of the '609 patent and seeks an order restraining NFC Ring from taking any action with respect to the '609 patent. *Id.* at 2-3; Ex. C to Stay Mot., ECF 44-3. After meeting and conferring, NFC Ring and Kerv agree that litigating this action prior to resolving the dispute regarding the '609 patent would be a waste of judicial and parties' resources. Stay Mot. 3. NFC Ring thus does not oppose the stay motion. *Id.* at 2.

Esos submits a proposed opposition to the stay motion, assuming that this Court permits it to intervene. Esos' Proposed Opp'n, ECF 50-3. Given that the Court is granting Esos' motion to intervene, Esos' opposition to the stay request will be considered. Esos first argues that no standing or procedural issues would bar Esos' intervention. *Id.* at 4-5. It then avers that it would suffer irreparable harm and loss of goodwill if the case is stayed. *Id.* at 3.

"In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets in original).

NFC Ring submits that a stay would be beneficial because the clarity provided by the resolution of the ownership dispute would enable it to assert the patent in this and other cases. A stay would also avoid hardship and inequity to Kerv. Kerv persuasively argues that it would suffer hardship or inequity if the state court eventually determines that NFC Ring is not the rightful owner of the patent, subjecting it to liability from a different party and having to litigate against multiple parties. In the Court's view, a resolution of the patent ownership dispute would simplify issues in this matter and preserve the orderly course of justice. The Court finds that these factors weigh strongly in favor of a stay.

Esos in its opposition fails to demonstrate how any of the factors discussed above should

weigh against a stay. First, Esos contends that there are no standing or procedural issues barring its intervention and that its intervention would eliminate Kerv's concern of being "subject to another lawsuit from the true owner." Esos' Proposed Opp'n 3-4. However, whether there are standing or procedural issues does not bear on the factors pertinent in determining a stay motion. Moreover, while Kerv might no longer be concerned about being "subject to another lawsuit from the true owner," Esos fails to address the "hardship or inequity" that Kerv may suffer by being compelled to litigate against an additional party only later to be informed by the state court judgment that only one of the plaintiffs is the rightful owner of the patent in suit. If this case were to proceed with Esos as a newly added plaintiff, Kerv would have to litigate against both NFC Ring and Esos, including responding to motions and discovery requests from two parties. *See e.g.*, *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 963 (S.D. Cal. 1996) (granting the motion to stay due to a pending state court litigation over patent ownership). Kerv would be further deprived of any possibility of a settlement as an alternative to litigation due to the ownership dispute. Reply 4. Accordingly, the factor of hardship and inequity against Kerv remains favorable of a stay.

Esos further argues that "justice does not require a stay," and attempts to distinguish from cases where courts have granted a stay given similar circumstances. Esos' Proposed Opp'n 6. First, this argument pertaining to "justice" fails to demonstrate how a denial of stay advances "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Second, the distinguishable facts do not bear on any of the factors to be evaluated in determining whether a stay is warranted. For example, Esos attempts to distinguish *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.* because the plaintiff there sought to add claims against parties involved in the patent ownership dispute, unlike here where Esos has not asserted any claims against NFC Ring. 840 F. Supp. 211, 213 (E.D.N.Y. 1994); Esos' Proposed Opp'n 6. Esos also attempts to distinguish *Intermedics Infusaid, Inc. v. Regents of Univ. of Minn.* because the state court action could "preclude[] or moot" the federal case, while here, this case would be litigated regardless of who is ultimately determined to be the owner of the '609 patent. 804 F.2d 129, 135 (Fed. Cir.

3

1986); Esos' Proposed Opp'n 7. However, the granting of the stay in those cases did not turn those differences highlighted by Esos. Rather, in both of these cases, the courts noted the importance of prejudice to the parties or potential for the duplicative or piecemeal litigation as factors in determining whether to grant a stay. *Intermedics*, 804 F.2d at 135 (finding no prejudice to the plaintiff resulting from a stay); *Loral Fairchild*, 840 F. Supp. at 218 (noting that "avoidance of piecemeal adjudication" is one of the most important factors in Colorado River abstention doctrine).

Finally, Esos conclusorily avers that it would suffer irreparable harm and loss of goodwill if the case is stayed. Esos' Opp'n 3. However, Esos fails to make a showing why money damages would be insufficient to remedy those harms. Given that this claim of irreparable harm is unsubstantiated, it does not overcome the other reasons favoring a stay discussed above. *See, e.g.*, *CMAX*, 300 F.2d at 269 (holding that where the party opposing the stay seeks money damages, a delay in recovery of damages "is not the kind of prejudice which should move a court to deny a requested postponement"). Accordingly, in light of the factors favoring a stay and Esos' failure to make a strong showing against a stay, the Court finds that a stay would be appropriate and GRANTS the motion to stay pending the resolution of the ownership dispute in connection with the '609 patent.

For the foregoing reasons, the Court GRANTS the motion to stay and GRANTS the motion to intervene. The case is stayed until the state court action disposes of the claim relating to the ownership of the '609 patent. The parties are directed to jointly submit a status update by November 30, 2017 or when the state court disposes of the claim relating to the ownership of the '609 patent, whichever is earlier.

**IT IS SO ORDERED.**

Dated: May 30, 2017

_____
BETH LABSON FREEMAN
United States District Judge